■ ROBIN LLOYD, as Executor of ELIZA L. MOORE, Deceased, Appellant, v ST. VINCENT'S MANHATTAN HOSPITAL, a Division of Saint Vincent's Catholic Medical Centers of New York, Also Known as ST. VINCENT'S MEDICAL CENTER OF NEW YORK, et al., Defendants, and AHMED A. RAWANDUZY, M.D., Respondent. [920 NYS2d 346]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered July 23, 2009, which, in an action for medical malpractice, granted defendant Ahmed A. Rawanduzy's motion for judgment notwithstanding the verdict, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff's decedent sustained severe head trauma in a motor vehicle accident. She was taken to St. Vincent's Hospital for treatment of life-threatening injuries and came under the care of Kraig Moore, M.D., the chief resident of neurosurgery, who diagnosed massive brain herniation. Dr. Moore conferred with Dr. Rawanduzy, the attending neurosurgeon on call, and a decision was made against surgical intervention. The family sought a second opinion, and the decedent was transferred to New York Hospital, where neurosurgery was performed.

The jury found defendant doctors equally responsible for the

injury found to have resulted from the decision to withhold surgical treatment. Supreme Court set aside the verdict as to Dr. Rawanduzy, finding that he was entitled to rely on the information communicated by Dr. Moore that the decedent "had no meaningful brain stem function."

Viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every favorable inference (*see Pol v Our Lady of Mercy Med. Ctr.*, 51 AD3d 430, 431 [2008]), there is evidence from which the jury reasonably could have concluded that Dr. Rawanduzy took part in the decedent's treatment and if not made, at least participated in, the decision not to perform surgery. The hospital record includes an entry by Dr. Rawanduzy that, Dr. Moore testified, was made when they spent "at least an hour" with the patient. In addition, Dr. Moore stated (not entirely consistently), first, that surgical intervention was not a decision he was authorized to make alone and, later, that "it was his [Dr. Rawanduzy's] decision but I concurred." Dr. Rawanduzy testified that he had no recollection of the decedent or anything about her case, and that reviewing her chart did not refresh his recollection.

It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Thus, there is no basis upon which to disturb the jury verdict. We note that Dr. Rawanduzy concedes that "Dr. Moore was not authorized to decide on his own questions of surgical intervention" and does not argue that he acted exclusively in a consulting capacity (*see Sawh v Schoen*, 215 AD2d 291 [1995]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31638(U).]**